1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 7/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTIN R. HIMMELBERGER, | ) | No. C 03-3011 RMW (PR) |
| Plaintiff, | ) | PARTIAL DISMISSAL ORDER; |
| | ) | ORDER OF SERVICE;  DIRECTING |
| | ) | DEFENDANTS TO FILE |
| vs. | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| | ) | MOTION; DIRECTING PLAINTIFF |
| ANTHONY A. LAMARQUE, et. al., | ) | TO SUBMIT NOTICE OF INTENT |
| | ) | TO PROSECUTE |
| Defendants. | ) | |

        Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint in the Monterey

Superior Court alleging violations of his federal constitutional rights and state tort claims

concerning the conditions of his confinement at Salinas Valley State Prison.  Thereafter, plaintiff

filed a first amended complaint.  Defendant Lamarque removed this action to federal court based

on federal question jurisdiction.  See 28 U.S.C. §§ 1331, 1441(b).  Defendant Lamarque filed a

request for the court to screen the first amended complaint under 28 U.S.C. §1915A.  The court

now reviews the amended complaint pursuant to 1915A, orders service of the complaint on the

remaining defendants, and issues a further scheduling order.  The court notes that plaintiff has

not communicated with the court since June 2005.

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                    1

1  Accordingly, plaintiff shall file a notice of intent to prosecute this action and provide his current

2  address **within thirty (30)days** of the date this order is filed.

3                                   **DISCUSSION**

4  **A.**    **Standard of Review**

5           Federal courts must engage in a preliminary screening of cases in which prisoners seek

6  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

7  1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

8  that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

9  monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

10 Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

11 699 (9th Cir. 1990).

12          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under

13 the color of state law committed a violation of a right secured by the Constitution or laws of the

14 United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

15 **B.**    **Plaintiff's Claims**

16          Having reviewed the first amended complaint and liberally construing plaintiff's claims,

17 the court finds that plaintiff has alleged the following cognizable claims under § 1983: (1) due

18 process and equal protection claims under the Fourteenth Amendment based on defendants'

19 denial of classification points (count one); (2) Eighth Amendment claims concerning the

20 conditions of his confinement, inadequate medical care, and defendants' failure to protect (counts

21 three, eleven, and last claim [failure to protect claim] - not numbered); (3) First Amendment

22 claims concerning defendants' prohibition on plaintiff's personal property and inmate newsletter

23 and failure to send certified mail (counts six, eighteen, twenty-one, twenty-two, twenty-five, and

24 thirty); and (4) due process claim under the Fourteenth Amendment concerning defendants'

25 taking an administrative fee for processing restitution payments (counts nine and twenty-nine).

26 ///

27 ///

28

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                    2

1

### 1. Administrative Appeal

2   Plaintiff alleges that defendants have intentionally delayed and impeded his right to a

3 timely and expedient resolution of his complaints in order for plaintiff to exhaust his

4 administrative remedies.  First Amended Complaint ("FAC"), count three.

5   There is no constitutional right to a prison administrative appeal or grievance system.  See

6 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th

7 Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v. Davis,

8 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974)

9 (accepting Nebraska system wherein no provision made for administrative review of disciplinary

10 decisions).

11   California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the

12 county jails and state prisons a purely procedural right: the right to have a prison appeal.[1]  The

13 regulations simply require the establishment of a procedural structure for reviewing prisoner

14 complaints and set forth no substantive standards; instead, they provide for flexible appeal time

15 limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against

16 an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides

17 procedural requirements, even if mandatory, cannot form the basis of a constitutionally

18 cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also

19 Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise

20 to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v.

21 Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10

22 (N.D. Ill. 1982) (same).  A prison official's failure to process grievances, without more,

23 accordingly is not actionable under § 1983.  See Buckley, 997 F.2d at 495; see also Ramirez, 334

24 F.3d at 860 (holding that prisoner's claimed loss of a liberty interest in the processing of his

25 appeals does not violate due process because prisoners lack a separate constitutional entitlement

26

27   [1]See Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, et seq.
28 (applicable to state prisons).

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv        3

1   to a specific prison grievance system). The right of meaningful access to the courts extends to

2   established prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.

3   1995); accord Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is

4   subsumed under the First Amendment right to petition the government for redress of grievances,

5   see id. at 333, and protects both the filing, see id., and content, see Bradley, 64 F.3d at 1279, of

6   prison grievances. Although there certainly is a right to petition the government for redress of

7   grievances (a First Amendment right), there is no right to a response or any particular action. See

8   Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for

9   redress ... is not compromised by the prison's refusal to entertain his grievance.").

10          Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S.

11   343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any

12   violation of the right of access to the courts, the prisoner must prove that there was an inadequacy

13   in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at

14   350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's

15   program hindered his efforts to pursue a non-frivolous claim concerning his conviction or

16   conditions of confinement. See id. at 354-55.

17          Plaintiff alleges that defendants have intentionally delayed and impeded his right to a

18   timely and expedient resolution of the issues in order to exhaust his administrative remedies.

19   However, plaintiff fails to allege a cognizable claim of the denial of his right to petition for

20   redress of grievances or access to the courts because he fails to demonstrate any actual injury.

21   Rather, he has been able to pursue his legal claim in the instant civil rights action. Plaintiff has

22   three civil actions pending in this court. Although the court generally grants leave to amend, here

23   plaintiff has no actionable claim of a denial of his right to petition for redress by defendants'

24   failure to timely process his prison appeal. Nor has plaintiff alleged a cognizable claim of denial

25   of access to the courts, because he has been able to pursue his legal claims in the instant

26   complaint and other civil actions concerning the conditions of his confinement and his

27   underlying state criminal conviction in this court. Accordingly, plaintiff's § 1983 claims

28

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                    4

1  concerning his administrative appeal and denial of access to the courts against the named

2  defendants are DISMISSED without leave to amend.

3           **2.    State Law Claims**

4        Plaintiff alleges numerous state law tort claims of negligence and intentional torts based

5  upon defendants' conduct.  The federal supplemental jurisdiction statute provides that "'district

6  courts shall have supplemental jurisdiction over all other claims that are so related to claims in

7  the action within such original jurisdiction that they form part of the same case or controversy

8  under Article III of the United States Constitution.'"  28 U.S.C. § 1367(a).  Liberally construed,

9  plaintiff's allegations satisfy the statutory requirement.  Accordingly, the court will exercise

10  supplemental jurisdiction over plaintiff's state law claims.

11           **3.    Named Defendants**

12        Plaintiff names Salinas Valley State Prison ("SVSP"), Edward S. Alameida, the former

13  Director of the California Department of Corrections and Rehabilitation ("CDCR") and W.A.

14  Duncan, former Deputy Director of the CDCR, as liable for actions taken in their official

15  capacity as the director and deputy director of the state prison system.

16        The Eleventh Amendment bars from the federal courts suits against a state by its own

17  citizens, citizens of another state or citizens or subjects of any foreign state.  See Atascadero

18  State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985).  This Eleventh Amendment immunity also

19  extends to suits against a state agency, see, e.g., Allison v. California Adult Authority, 419 F.2d

20  822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not subject to suit);

21  Bennett v. California, 406 F.2d 36, 39 (9th Cir.) (California Adult Authority and CDC not

22  subject to suit), cert. denied, 394 U.S. 966 (1969), and to suits for damages against state officials

23  acting in their official capacities, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89,

24  97-121 (1984).  Such immunity includes state law claims brought against a state in federal court

25  under the supplemental jurisdiction statute.  See Raygor v. Regents of the University of

26  Minnesota, et al., 534 U.S. 533, 541-42 (2002).

27  ///

28

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                5

However, a state official may be sued for prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute.  See Kentucky v. Graham, 472 U.S. 159, 167 n.14 (1985); Ex parte Young, 209 U.S. 123, 159-60 (1908); Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997).

Plaintiff's suit against Salinas Valley State Prison is barred by the Eleventh Amendment. Plaintiff's claims for damages against Edward S. Alameida and W.A. Duncan in their official capacities are also barred by the Eleventh Amendment, as is plaintiff's claim against defendants Alameida and Duncan for prospective injunctive relief, because Alameida and Duncan are no longer in a position to provide injunctive relief.  Accordingly, all claims against defendants SVSP, Edward S. Alameida and W.A. Duncan in their official capacities are dismissed with prejudice.

**4.     Doe Defendants**

Plaintiff names defendant "Does" one through seven in the first amended complaint.  The use of Doe defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against defendant "Does" are dismissed from this action without prejudice.  Should plaintiff learn defendant "Does" identities, he may move to file an amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**CONCLUSION**

1.     Plaintiff's § 1983 claims concerning his administrative appeal and denial of access to the courts against the named defendants are DISMISSED without leave to amend.

2.     Salinas Valley State Prison, Edward S. Alameida and W.A. Duncan, in their official capacities, are DISMISSED as defendants from this action without leave to amend.

3.      Plaintiff's claims against defendant "Does" are dismissed from this action

1   without prejudice and with leave to amend.

2          4.    The court notes that plaintiff has not communicated with the court

3   since June 2005.  Accordingly, it is in the interests of justice and judicial efficiency for the court

4   to establish plaintiff's current address and whether he intends to continue to prosecute this action.

5   Plaintiff shall file with the court a notice of his current address and a notice of intent to prosecute

6   **within thirty days** of the date of this order.  Failure to do so will result in the dismissal of this

7   action for failure to prosecute pursuant to Rule 41(b).  <u>See</u> <u>Malone v. United States Postal Serv.</u>,

8   833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before

9   dismissing for failure to prosecute).

10          5.    The clerk of the court shall issue summons and the United States Marshal shall

11   serve, without prepayment of fees, a copy of the <u>first amended complaint</u> in this matter (docket

12   no. 1, Exhibit B), all attachments thereto, and a copy of this order upon the following defendants:

13   **Edward S. Alameida, W.A. Duncan, Linda L. Rianda at CDCR in Sacramento California;**

14   **E.J.  Caden - SVSP Chief Deputy Warden; G. Duegaw - SVSP Correctional Counselor II;**

15   **Ortega  - SVSP Correctional Counselor III; G. Zavala  - SVSP Appeals Coordinator; D.**

16   **Chesterman - SVSP Administrator (A); and Charles Lee - SVSP Health Care Manager.**

17          6.    No later than **sixty (60) days** from the date this order is filed, defendants shall file

18   a motion for summary judgment or other dispositive motion with respect to the claims in the

19   complaint as set forth above.

20          a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff

21   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

22   defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315

23   F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

24          b.    **If any defendant is of the opinion that this case cannot be resolved by**

25   **summary judgment, he shall so inform the court prior to the date the summary judgment**

26   **motion is due.**

27          7.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

28

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                7

1   served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

2          a.      In the event defendants file an unenumerated motion to dismiss under Rule

3   12(b), plaintiff is hereby cautioned as follows:[2]

4          _____The defendants have made a motion to dismiss pursuant to Rule 12(b) of
    the Federal Rules of Civil Procedure, on the ground you have not exhausted your
5   administrative remedies.  The motion will, if granted, result in the dismissal of
    your case.  When a party you are suing makes a motion to dismiss for failure to
6   exhaust, and that motion is properly supported by declarations (or other sworn
    testimony) and/or documents, you may not simply rely on what your complaint
7   says.  Instead, you must set out specific facts in declarations, depositions, answers
    to interrogatories, or documents, that contradict the facts shown in the defendant's
8   declarations and documents and show that you have in fact exhausted your claims.
    If you do not submit your own evidence in opposition, the motion to dismiss, if
9   appropriate, may be granted and the case dismissed.

10         b.      In the event defendants file a motion for summary judgment, the

11  Ninth Circuit has held that the following notice should be given to plaintiffs:

12         The defendants have made a motion for summary  judgment by which they
    seek to have your case dismissed.  A motion for summary judgment under Rule 56
13  of the Federal Rules of Civil Procedure will, if granted, end your case.
           Rule 56 tells you what you must do in order to oppose a motion for
14  summary judgment.  Generally, summary judgment must be granted when there is
    no genuine issue of material fact--that is,  if there is no real dispute about any fact
15  that would affect the result of your case, the party who asked for summary
    judgment is entitled to judgment as a matter of law, which will end your case.
16  When a party you are suing makes a motion for summary judgment that is
    properly supported by declarations (or other sworn testimony), you cannot simply
17  rely on what your complaint says.  Instead, you must set out specific facts in
    declarations, depositions, answers to interrogatories, or authenticated documents,
18  as provided in Rule 56(e), that contradict the facts shown in the defendants'
    declarations and documents and show that there is a genuine issue of material fact
19  for trial.  If you do not submit your own evidence in opposition, summary
    judgment, if appropriate, may be entered against you.  If summary judgment is
20  granted in favor of defendants, your case will be dismissed and there will be no
    trial.

21  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

22  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

23  (1986) (holding party opposing summary judgment must come forward with evidence showing

24  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

25

26  _____

27         [2]The following notice is adapted from the summary judgment notice to be given to pro se
    prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See
28  Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                    8

1   failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

2   consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

3   without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v.

4   Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5          8.      Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

6   opposition is filed.

7          9.      The motion shall be deemed submitted as of the date the reply brief is due.  No

8   hearing will be held on the motion unless the court so orders at a later date.

9          10.     All communications by the plaintiff with the court must be served on defendants,

10  or defendants' counsel once counsel has been designated, by mailing a true copy of the document

11  to defendants or defendants' counsel.

12         11.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

13  No further court order is required before the parties may conduct discovery.

14         For plaintiff's information, the proper manner of promulgating discovery is to send

15  demands for documents or interrogatories (questions asking for specific, factual responses)

16  directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

17  matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

18  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

19  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

20  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

21  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

22  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply

23  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to

24  his benefit to wait until defendants have filed a dispositive motion which could include some or

25  all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered by

26  the court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule

27  37-1 has been satisfied.  Because plaintiff is incarcerated, he is not required to meet and confer

28

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                    9

1   with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

2   motion to compel he must send a letter to defendants to that effect, offering them one last

3   opportunity to provide him with the sought-after information.

4          12.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

5   and all parties informed of any change of address and must comply with the court's orders in a

6   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

7   pursuant to Federal Rule of Civil Procedure 41(b).

8          IT IS SO ORDERED.

9   DATED:  __7/1/08_____                    *Ronald M. Whyte*
                                                _____
10                                              RONALD M. WHYTE
                                                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order of Service;  Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.03\Himmelberger011srv                    10