***E-FILED - 4/15/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTIN R. HIMMELBERGER, | ) | No. C 03-3011 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | RECONSIDER |
| vs. | ) | |
| | ) | |
| | ) | (Docket No. 37) |
| ANTHONY A. LAMARQUE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint alleging violations of his federal constitutional rights and state tort claims concerning the conditions of his confinement at Salinas Valley State Prison. On December 15, 2008, the court granted defendants' motion to dismiss, concluding that plaintiff's first amended complaint violated Federal Rules of Civil Procedure 8(a) and failed to state a cognizable claim for relief. The court also denied plaintiff's ex parte request to file a second amended complaint. On January 28, 2009, plaintiff filed a "memorandum of points and authorities in support of motion to vacate," which the court construes as a motion to reconsider its dismissal order.

Federal Rules of Civil Procedure 60(b) lists six grounds for relief from a judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the

1  adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason
2  justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th
3  Cir.1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when
4  "it is no longer equitable that the judgment should have prospective application," or when there
5  is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-
6  54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

7  　　　Plaintiff asserts he is entitled to reconsideration under Rule 60(b)(1). Specifically, he
8  argues that his ex parte motion to amend the complaint should have been construed as a motion
9  for leave to file an amended complaint because he misunderstood the procedure regarding the
10 use of "ex parte" pleadings.[1] Plaintiff further claims that after reading defendants' motion to
11 dismiss, he agreed that his complaint lacked brevity and the claims needed to be more clear.
12 Plaintiff also states that leave to amend should be freely given, and that the defendants would not
13 be prejudiced by another amended complaint even though the case had been pending for more
14 than five years.

15 　　　Under subparagraph (1), "the determination of whether neglect is excusable is an
16 equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing
17 party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for
18 the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal
19 Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000). Here, the court already determined that allowing
20 plaintiff to amend his complaint a second time would prejudice the defendants. Further, the
21 court noted that the length of the delay was more than five years from the filing of the initial
22 complaint. In addition, plaintiff proffered no good cause as to why he waited so long to seek a
23 second leave to amend the complaint. In sum, the balance of the above factors weighs against
24 granting reconsideration.

25 　　　To the extent plaintiff wishes to rely on Rule 60(b)(6), it is a "catchall provision" that
26 applies only when the reason for granting relief is not covered by any of the other reasons set

27
28    [1] The court notes that although plaintiff makes reference to an attached declaration, no declaration has been filed or received.

Order Denying Motion to Reconsider
P:\PRO-SE\SJ.Rmw\CR.03\Himmelberger011denrec.wpd  2

1 forth in Rule 60.  Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).  "It
2 has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized
3 only where extraordinary circumstances prevented a party from taking timely action to prevent
4 or correct an erroneous judgment."  Id. (internal quotations omitted).  Thus, a party must
5 establish "both injury and circumstances beyond his control that prevented him from proceeding
6 in a proper fashion."  Id. (internal quotations omitted).  Mere dissatisfaction with the court's
7 order or belief that the court is wrong in its decision are not adequate grounds for relief.
8 Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

9  Here, plaintiff concedes the court's reasons for dismissal, and challenges only the denial
10 of his motion to amend his first amended complaint.  However, as stated in its dismissal order,
11 district courts have discretion to deny leave to amend particularly when, as here, the plaintiff has
12 already filed an amended complaint, see Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir.
13 2003), and further, plaintiff is required to demonstrate good cause for requesting amendment
14 after a scheduling order had already issued, see Janicki Logging Co. v. Mateer, 42 F.3d 561, 566
15 (9th Cir. 1994), and here, plaintiff has not done so.

16  Accordingly, the court concludes that plaintiff failed to show that the dismissal order was
17 erroneous or that he is entitled to a reconsideration of such dismissal.  Plaintiff's motion to
18 reconsider is DENIED.

19  IT IS SO ORDERED.
20 DATED:   4/14/09

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Reconsider
P:\PRO-SE\SJ.Rmw\CR.03\Himmelberger011denrec.wpd 3